```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
UNITED STATES OF AMERICA,             :
                                      :        08-cr-422-16 (LAP)
        -v.-                          :
                                      :              ORDER
SHAKEEMA HERNANDEZ,                   :
                                      :
                Defendant.            :
-------------------------------------x
```

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is a pro se request, dated August 6, 2022, from Shakeema Fernandez[1] for "an expungement" of her 2010 conviction "for conspiracy to sell drugs" because her conviction "has been a hinderance to . . . obtaining employment in the home health care field." (Dkt. no. 543.) For the reasons that follow, the request is denied for lack of jurisdiction.

Ms. Fernandez was charged in an indictment dated May 13, 2008, with one count of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. (Dkt. no. 1.) On August 27, 2010, Ms. Fernandez pleaded guilty to conspiracy to distribute pursuant to 21 U.S.C. § 846. (Dkt. no. 343.) On December 21, 2010, the Court sentenced Ms. Fernandez to time served, followed by three years of supervised release. (Dkt. no. 350.) According to

---

[1] The Court uses the surname Fernandez, which Ms. Fernandez used in her application, rather than the surname Hernandez, which was used in the indictment and throughout the criminal proceedings.

Ms. Fernandez, her period of supervised release terminated on December 19, 2013.  (Dkt. no. 543.)

Federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A federal district court possesses only the power authorized by the United States Constitution and federal statutes.  Id. at 377.  "No constitutional provision or federal statute grants federal courts the power to expunge a valid criminal conviction on equitable grounds."[2]  United States v. Pichardo, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016) (quoting United States v. Burzynski, 2016 WL 1604491, at *1 (W.D.N.Y. Apr. 22, 2016)).

In Doe v. United States, the Second Circuit held that a district court has no subject matter and no ancillary jurisdiction to expunge a valid criminal record.  833 F.3d 192, 199 (2d Cir. 2016).  Doe involved a single mother who sought to expunge her federal conviction approximately thirteen years after the judgment.  As with Ms. Fernandez's case, the Doe applicant sought to expunge or seal her records based on circumstances that were independent of the facts of her criminal proceeding and sentence, and on equitable grounds: Doe was unable to find and keep gainful employment to support

---

[2]  "[S]ome state courts have been given expungement power by state legislation that explicitly confers such power."  United States v. Pichardo, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016).  This is not the case with federal courts.

her children due to her conviction.  Rejecting Doe's arguments, the Second Circuit reasoned that "[t]he District Court's sentence had long ago concluded and its decrees long since expired . . . .  Expungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not" advance the goals of ancillary jurisdiction identified by the Supreme Court in Kokkonen.  Id. at 198 (cleaned up).

Following Doe, "district courts have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress."  Hurlburt v. United States, No. 94-CR-866 (NSR), 2022 WL 2714070, at *2 (S.D.N.Y. July 13, 2022) (cleaned up); United States v. Bolera, No. 00-CR-631 (PKC), 2021 WL 5232452, at *2 (S.D.N.Y. Nov. 9, 2021); Mount v. United States, No. 19-MC-3043 (LDH), 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021), appeal dismissed, No. 21-641, 2021 WL 4267834 (2d Cir. Sept. 9, 2021); Patterson v. United States, 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020); White v. Dortch, 2017 WL 8780774, at *3 (S.D.N.Y. Nov. 28, 2017).  This Court is bound to follow this line of precedents absent any identified and applicable statutory authorization, which Ms. Fernandez fails to supply.

18 U.S.C. § 3607 (c), subtitled "Expungement of record of disposition", states in relevant part:

3

> If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. § 844) [which provides penalties for simple possession] is the subject of a disposition under subsection (a) [which provides pre-judgment probation conditioned upon first offense], and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person . . . .

18 U.S.C.A. § 3607.  Section 3607(c) is not applicable here because Ms. Fernandez was convicted of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, which is not a conviction for simple possession pursuant to 21 U.S.C. § 844 recognized by Section 3607(c).  "The Court cannot expand the clear statutory parameter to include Petitioner's circumstances."  Hurlburt, 2022 WL 2714070, at *3.  And United States v. Schnitzler, 567 F.2d 536 (2d Cir. 1977), does not apply.  As the Second Circuit unequivocally held in Doe, Schnitzer "applies only to arrest records after an order of dismissal" and not to valid criminal records as here.  Doe, 833 F.3d at 197.

Accordingly, the Court denies Ms. Fernandez's motion for lack of jurisdiction.

4

The Clerk of the Court shall mail a copy of this order to Ms. Fernandez at the following address:

    Shakeema C. Fernandez
    19 Lawrence Street, Apt. 2E
    Yonkers, NY 10705

**SO ORDERED.**

Dated:    New York, New York
           August 16, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge